UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOLORES PORTE,

    Plaintiff,

v

DOW BUSINESS SERVICES, LLC, a
foreign corporation and wholly owned
subsidiary of The Dow Chemical Company,

    Defendant.

Case No. 2:17-cv-12874

HON. THOMAS L. LUDINGTON

| | |
|---|---|
| Victor J. Mastromarco, Jr. (P34564) | Edward J. Bardelli (P53849) |
| Kevin J. Kelly (P74546) | Amanda M. Fielder (P70180) |
| Aaron M. Majorana (P78772) | Margaret Jozwiak (P76755) |
| THE MASTROMARCO FIRM | WARNER NORCROSS & JUDD |
| 1024 North Michigan Ave. | 900 Fifth Third Center |
| Saginaw, Michigan 48602 | 111 Lyon Street, N.W. |
| (989) 752-1414 | Grand Rapids, Michigan 49503 |
| *Attorneys for Plaintiff* | (616) 752 -2165 |
| | *Attorneys for Defendant* |

**ORDER OVERRULING OBJECTIONS AND DIRECTING COMPLIANCE WITH DISCOVERY ORDER**

On February 28, 2018, Plaintiff moved to compel responses to Plaintiff's third request for production of documents. ECF No. 11. The matter was referred to Magistrate Judge Patricia T. Morris. ECF No. 12. Defendant filed a response on March 14, 2018, and Plaintiff replied on March 16, 2018. ECF Nos. 15, 18. On April 17, 2018, the motion to compel was granted. ECF No. 27. Defendant filed the instant objections to Judge Morris's order. ECF No. 34. The order was stayed pending a ruling on the objections. ECF No. 35.

A party may object to a magistrate judge's order on a non-dispositive matter within 14 days of being served a copy of the order, and the district judge must modify or set aside any part of the order that is clearly erroneous or contrary to law. *See*, 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P.

72(a). A finding is "clearly erroneous" when, after reviewing the record in its entirety, the Court is left with a "definite and firm conviction that a mistake" was made. *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395(1948); *Kitchen v. Heyns, et al., Defendants.*, 2018 WL 2057498, at *1 (E.D. Mich. May 3, 2018). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009).

With respect to relevance, Defendant takes issue with Judge Morris's finding that statistical data narrowed to a relevant pool of employees is relevant. As Judge Morris noted, although statistical evidence alone is insufficient to prove a gender discrimination claim based on disparate treatment, pay differentials and pattern-or-practice evidence may be relevant to proving an otherwise viable claim for disparate treatment under the *McDonnel Douglas* framework. Order at 5-6 (citing *Hiser v. Grand Ledge Public Schools*, 816 F. Supp. 2d 496, 504 (W.D. Mich. 2011); *Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004); *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1103 (8th Cir. 1988)). Defendant's current motion breaks no new ground that wasn't already addressed on the record and in Judge Morris's order.

With respect to proportionality, Defendant again asserts that the request will be unduly burdensome, not proportional to the needs of the case, and that the data in question does not exist. Judge Morris's conclusion with respect to proportionality, however, was predicated on her observation that two employees had already testified that data is available concerning the percentage of women in 300, 400, 500, or 600 level jobs. Judge Morris did not order Defendant to create data that did not exist or to conduct studies that had never previously been conducted. The fact that some of the data may not be immediately available, or not maintained in a medium that readily lends itself to production, does not give Defendant grounds to refuse to produce any

2

responsive documents. Defendant will have to make its best efforts to comply with the request and determine what data it has that is responsive to the request. Once Defendant has done so, if Plaintiff feels as though Defendant's document production is incomplete, Plaintiff can move to compel additional documentation.

Accordingly, it is **ORDERED** that the objections, ECF No. 34 are **OVERRULED**.

It is further **ORDERED** that Defendant is **DIRECTED** to comply with the discovery order, ECF No. 27., and produce responsive documents within 21 days of the entry of this order.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 21, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---